UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERREL HOLMES,<br><br>                Plaintiff,<br><br>    v.<br><br>DAWLING,<br><br>               Defendant. | 1:25-cv-00892-KES-EPG (PC)<br><br>SCREENING ORDER<br><br>ORDER ALLOWING PLAINTIFF'S COMPLAINT TO PROCEED AGAINST DEFENDANT DAWLING FOR EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM<br><br>(ECF No. 1)<br><br>THIRTY (30) DAY DEADLINE |

        Plaintiff Terrel Holmes is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C § 1983 (ECF Nos. 1 and 9). Plaintiff filed the complaint commencing this action on July 22, 2025. (ECF No. 1). Plaintiff claims Defendant Dawling intentionally slammed Plaintiff's right hand, which caused Plaintiff to be injured. (*Id.* at 3).

        The Court has reviewed the complaint and for the reasons described below, finds that Plaintiff's claim for excessive force in violation of the Eighth Amendment against Defendant Dawling may proceed past the screening stage.

\\\

\\\

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

Because Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915, which requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Pleadings filed by *pro se* plaintiff are to be liberally construed and are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

On July 22, 2025, Plaintiff filed his complaint commencing this action. (ECF No. 1). Plaintiff states he is currently imprisoned at California Substance Abuse Treatment Facility, in Corcoran, California. Plaintiff names a single defendant: Dawling.

Plaintiff's complaint alleges that on May 1, 2025, he was let out of his cell to get water. (*Id*. at 3). Plaintiff alleges that as soon as he exited the cell Defendant immediately slammed his right hand, "on purpose." Plaintiff alleges that he knew it was on purpose because he asked Defendant if it was on purpose, and she confirmed that it was. (*Id.*). Plaintiff alleges he was unable to sleep that night due to pain, and the following day, a nurse noticed the injury and examined his hand as a result. (*Id.*).

Plaintiff states the relief he is seeking is an apology, and $50,000. (*Id.* at 4).

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

2

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658,


691, 695 (1978).

### B. Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

"Five factors bear on the excessive force analysis in a typical Eighth Amendment claim: '(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.'" *Bearchild v. Cobban,* 947 F.3d 1130, 1141 (9th Cir. 2020) (quoting *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.

With these legal standards in mind, the Court finds that Plaintiff's complaint sufficiently states a claim for excessive force in violation of the Eighth Amendment against Defendant Dowling to proceed past screening.

### IV. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and will allow this action to proceed against Defendant Dawling on Plaintiff's claim for excessive force, in violation of the Eighth Amendment.

\\\
\\\
\\\

As the Court has found that Plaintiff's only claim should proceed past screening, the Court will, in due course, issue an order authorizing service of process on Defendant Dawling.

IT IS SO ORDERED.

Dated: __November 21, 2025__        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE