UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERREL HOLMES,<br>Plaintiff,<br>v.<br>DAWLING,<br>Defendants. | 1:25-cv-00892-KES-EPG (PC)<br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br>(ECF No. 23)<br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Terrel Holmes is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C § 1983 (ECF Nos. 1 and 9). Plaintiff filed the complaint commencing this action on July 22, 2025. (ECF No. 1). Plaintiff claims Defendant Dawling intentionally slammed Plaintiff's right hand, which caused Plaintiff to be injured. (*Id.* at 3).

Before the Court is Plaintiff's motion for preliminary injunction. (ECF No. 23). Plaintiff seeks a preliminary injunction requiring the California Department of Rehabilitation and Corrections ("CDCR") at the California Substance Abuse Treatment Facility and State Prison ("CSATF") "to preserve favorable video evidence of the incident on the 1st day of May, 2025 in building d-2, including all body camera footage and close[d] circuit video footage in the day room and any subsequent video footage that captured the incident." (*Id.* at 1).

\\\

As explained below, the Court will recommend that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff's complaint alleges that on May 1, 2025, he was let out of his cell to get water. (ECF No. 1 at 3). Plaintiff alleges that as soon as he exited the cell, Defendant immediately slammed his right hand, "on purpose." Plaintiff alleges that he knew it was on purpose because he asked Defendant if it was on purpose, and she confirmed that it was. (*Id.*). Plaintiff alleges he was unable to sleep that night due to pain, and the following day, a nurse noticed the injury and examined his hand as a result. (*Id.*).

Following the Court's screening of the complaint, the case proceeds against Defendant Dawling on Plaintiff's claim for excessive force in violation of the Eighth Amendment. (ECF No. 11 at 4).

After Defendant answered the complaint, the Court set a settlement conference, which ultimately failed to resolve the case. (ECF Nos. 16, 20, 25). Thereafter, the Court issued scheduling and discovery orders in June 2026. (ECF Nos. 32, 33). The non-expert discovery deadline is January 25, 2027. (ECF No. 32).

## II. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

On May 7, 2026, Plaintiff filed a motion for preliminary injunction. (ECF No. 23). Plaintiff asks the Court to issue an order to CDCR "to preserve favorable video evidence of the incident…including all body camera footage and close[d] circuit video footage in the day room and any subsequent video footage that captured the incident." (ECF No. 23 at 1). Plaintiff states that he intends to use the video evidence at trial. (*Id.*).

In support of his motion, Plaintiff includes a Memorandum of Points and Authorities that sets out various citations to case law discussing legal standards for a preliminary injunction. (*Id.* at 2). Plaintiff argues generally that "it is abundantly clear that [Plaintiff] will suffer irreparable harm without the injunction." (*Id.*).

Defendant filed her response brief on May 22, 2026. (ECF No. 27). In her brief, Defendant states:

\\\

> On May 19, 2026, CDCR provided defense counsel with the relevant video footage retained as part of the investigation into Plaintiff's administrative grievance. The video footage includes BWC footage of the alleged incident, BWC footage of the conversation between Plaintiff and Officer Dowling the following day, and AVSS footage of the incident from the dayroom camera. The video footage is and will continue to be preserved pursuant to the Office of the Attorney General and CDCR's respective retention policies.

(*Id.* at 2).

Under the Court's Local Rules, Plaintiff had 14 days to file any reply in support of his motion, but he has not done so. Local Rule 230(l).

## III. LEGAL STANDARD

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."*Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that analysis for a temporary restraining order and a preliminary injunction are "substantially identical"). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter,* 555 U.S. at 24.

The Ninth Circuit has held that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). A sufficient nexus exists "where

the preliminary injunction would grant relief of the same character as that which may be granted finally. Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.* (citation and quotation marks omitted)

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

## IV. ANALYSIS

The Court will recommend that Plaintiff's motion be denied because he has failed to meet the high burden of proving that he is entitled to a preliminary injunction.

First, Plaintiff does not identify the individuals who would be subject to the order or request an order directed to the only Defendant in the case. Rather, Plaintiff seeks a preliminary injunction directed to CDCR, a non-party, to preserve video footage.

Next, Plaintiff has not provided specific facts to support a credible threat of immediate and irreparable harm to any evidence such that he would be entitled to injunctive relief. *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1133 (9th Cir. 2014) (conclusory or speculative allegations of harm insufficient to establish a likelihood of irreparable harm). On the contrary, it appears from Defendant's response that the available video footage has been preserved and is being maintained by defense counsel. (ECF No. 27 at 2).

Moreover, the Court cannot find at this time that Plaintiff is likely to succeed on the merits. Finally, Plaintiff has not demonstrated that the balance of equities tips in his favor, or that an injunction is in the public interest.

Accordingly, the Court recommends finding that Plaintiff has not met his high burden of proving that he is entitled to a preliminary injunction on his request for preservation of evidence.

## V. CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Plaintiff's motion for preliminary injunction be denied. (ECF No. 23).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen pages, including exhibits. Any reply to the objections shall be served and filed within fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 7, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE