UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERREL HOLMES,<br><br>Plaintiff,<br><br>v.<br><br>DAWLING,<br><br>Defendant. | Case No. 1:25-cv-00892-KES-EPG (PC)<br><br>ORDER OVERRULING IN PART DEFENDANT DOWLING'S OBJECTIONS TO PRODUCTION OF DOCUMENTS BASED ON THE OFFICIAL INFORMATION PRIVILEGE<br><br>(ECF No. 38)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE COURT TO CONSIDER DISCOVERY SCHEDULING ORDER IN ITS DECISION TO GRANT IN PART OR DENY IN PART NON-PRIVILEGED QUALIFYING PERSONNEL FILES<br><br>(ECF No. 39)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO FILE SUR-REPLY<br><br>(ECF No. 43)<br><br>ORDER DIRECTING CLERK OF COURT TO REVISE DOCKET |

Plaintiff Terrel Holmes is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 22, 2025. (ECF No. 1). This case proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendant Dowling[1], a correctional officer at the California

[1] Defendant indicates in her answer that the correct spelling of her name is "Dowling." (ECF No. 16 at

Substance Abuse Treatment Facility ("CSATF"). (ECF. No. 14).

Now before the Court is Defendant Dowling's objection to the production of certain documents filed on August 25, 2026. (ECF No. 38). Defendant also lodged with the Court for *in camera* review the documents listed on her privilege log, along with the declaration of J. Barba. (*Id.* at 2). In response, Plaintiff filed a Motion for the Court to Consider Discovery and Scheduling Order in Its Decision to Grant in Part or Deny in Part Non-Privileged Qualifying Personnel Files. (ECF No. 39). Defendant Dowling then filed her opposition brief to Plaintiff's apparent motion to compel (ECF No. 41), and Plaintiff filed a motion seeking leave to file a sur-reply. (ECF No. 43). In his motion for leave, he clarifies that his motion for the Court to consider its Discovery and Scheduling Order was not a motion to compel but an opposition to Defendant withholding documents under the official information privilege. (*Id.*).

Having reviewed the documents and audio recordings submitted for *in camera* review, the Court finds that Defendant Dowling's objections to production are overruled in part.

## I. BACKGROUND

Plaintiff's complaint alleges that, on May 1, 2025, he was let out of his cell to get water. (ECF No. 1 at 3). Plaintiff alleges that, as soon as he exited the cell, Defendant immediately slammed the cell door on his right hand "on purpose." Plaintiff alleges that he knew it was on purpose because he asked Defendant if it was on purpose, and she confirmed that it was. (*Id.*). Plaintiff alleges he was unable to sleep that night due to pain, and the following day, a nurse noticed the injury and examined his hand as a result. (*Id.*).

Following screening, this case proceeds on Plaintiff's claim of excessive force against Defendant Dowling, a correctional officer at CSATF. (ECF No. 11 at 4).

The Court opened discovery on June 26, 2026. (ECF Nos. 32, 33). To secure the just, speedy, and inexpensive disposition of this action, the Court directed the parties to exchange certain documents, including "[w]itness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s), if any." (ECF No. 33 at 2).

---

fn.1). Accordingly, the Court will refer to Defendant Dowling throughout and will order the Clerk of Court to revise the docket to reflect the correct spelling.

On August 25, 2026, Defendant Dowling filed a Notice of Compliance with the Court's Orders, informing the Court that 1) she has complied with procedures set forth in the Court's Scheduling Order, and 2) she identified confidential documents and audio files she claims are protected from disclosure under the official information and privacy privileges. (ECF No. 38 at 1-2). Plaintiff also confirmed that she simultaneously lodged documents listed on Defendant's privilege log, along with the Declaration of J. Barba, the litigation coordinator at CSATF, for the Court's *in camera* review. (*Id.* at 2).

Defendant Dowling submitted the following documents and recordings for *in camera* review:

- 20089597 Holmes AR5716 - Attachments-Exhibits 3-13.pdf - AGO 0016-0046;
- 20089597 Holmes AR5716 - C-AIU-SATF-4812-25.pdf - AGO 0004-0015;
- 20089597-402_Dowling_Elizabeth I (1).pdf - AGO 0057;
- 20089597-402_Valdez_Luis E (1).pdf - AGO 0056;
- 20089597-403_Dowling_Elizabeth I (1).pdf - AGO 0054-0055;
- 20089597-403_Valdez_Luis E (1).pdf - AGO 0052-0053;
- HOLMES AR5716 735844 inquiry.pdf - AGO 0099-0110;
- IERC AASTS 20089597 301-3034 Holmes AR5716.pdf - AGO 0049-0051;
- Investigative Closure Memo Dowling;
- Investigative Closure Memo Valdez;
- Audio-Recorded Interview of Defendant Dowling; and
- Audio-Recorded Interview of Valdez.

The declaration by Barba argues the risk that such documents, including the investigation reports, could be given to other inmates, and that disclosure would jeopardize the security of the institution, reveal investigative techniques, and potentially impede future investigations. (ECF No. 38-1 at 4). Barba argues that disclosure of the documents and audio-recorded interviews of Defendant Dowling and witness, Correctional Officer Valdez, would inhibit future staff witnesses from the California Department of Corrections and Rehabilitation ("CDCR") from freely providing information to investigators, impeding the ability of the CDCR to conduct accurate and reliable inquiries into staff misconduct. (*Id.* at 5).

Barba also explains that the "documents contained in personnel files include confidential identifying and personal information, as well as records pertaining to medical information, benefits, pay and pay ranges, emergency contact information, leave balances, etc., which are confidential and protected by law from disclosure." (*Id.* at 2). Barba asserts that disclosure of such information would discourage employees from disclosing information for fear that the information could be disseminated or used without their consent and that "some inmates could use the information to cause harm to staff members, their families, or their property." (*Id.* at 2-3).

Dowling certified that she served Plaintiff with "documents responsive to the Court's Order and the privilege log [and] simultaneously lodged with the Court for *in camera* review the documents listed on Defendant's privilege log and the Declaration of J. Barba...." (ECF No. 38 at 2-3).

## II. LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Questions of privilege in federal civil rights cases are governed by federal law. Fed. R. Evid. 501; *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976).

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g.*, *Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by *Kerr*, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr*, 426 U.S. at 406); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars

discovery.") (internal citations omitted).

## III. ANALYSIS

With these legal standards in mind, the Court has reviewed the documents and audio recordings provided for *in camera* review. The Court finds that Defendant's objections to the recordings and certain portions of the documents should be overruled.

The Court finds that written statements and interview summaries, audio-recorded interviews, and other direct evidence should be produced including the following:

- AGO 0021: Photograph of Plaintiff;
- AGO 0007-10: Photographs taken from video footage of the incident;[2]
- AGO 0010-12: Witness interview summary with Plaintiff
- AGO 0012-13: Witness interview summary with Correctional Officer Valdez
- AGO 0013-14: Witness interview summary for Defendant Dowling
- AGO 0102-103: Plaintiff's grievance
- AGO 0105: Medical record for Plaintiff
- AGO 0109: Photograph of Plaintiff
- AGO 0110: DPP Disability / Accommodation Summary for Plaintiff
- Audio-Recorded Interview of Defendant Dowling; and
- Audio-Recorded Interview of Correctional Officer Valdez.

These documents may be produced in redacted form to exclude any internal analyses or opinions regarding the evidence collected, as well as information regarding the procedures or staff conducting the investigation and personnel information such as badge numbers, personnel (PERNR) numbers, work email addresses and phone numbers for Defendant Dowling and other CDCR staff members.

In considering the potential benefits of disclosure, the Court has considered whether the AIU Investigation Reports and exhibits and audio recordings are relevant to Plaintiff's claim of excessive force. The Court finds that the witness statements, identified exhibit pages, and audio recordings contain direct evidence regarding the incident in this case, including contemporary

[2] The photographs only must be produced, including any circles or markings on the photographs themselves. Captions, computer program dashboard, or other text on the page may be redacted.

witness accounts of the event recorded close in time to the incident at issue. *See Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006). Such evidence is directly relevant to this case and could be used as evidence at summary judgment or trial in this matter.

The Court has also evaluated Defendant Dowling's objections and finds that the risks identified in those objections do not outweigh the benefits that disclosure of these documents and recordings would have to this case. These documents and audio recordings are short and straightforward and do not reveal any confidential techniques that could undermine the effectiveness of CDCR investigations in the future. The documents do not contain the statements of any other inmates. Moreover, the Court is only requiring production of the witness statements and written interview summaries themselves along with exhibit pages identified above, not the entire AIU Investigation Report or any related discussion or evaluation of those summaries that could reveal the institution's techniques, impressions or personnel information, such as badge numbers, personnel (PERNR) numbers, work email addresses and phone numbers for Santiago and other CSATF staff members. The Court disagrees that disclosing such interviews would cause witnesses in the future to be less truthful in similar investigations. On the contrary, the fact that witness statements may be used later in court would seem to encourage candor in such situations.

The Court has also examined the photographs of the Plaintiff, and the Court does not find any information that could reveal confidential techniques that could undermine the effectiveness of such investigations in the future or lead to future misconduct. Rather, the color and black and white photographs merely show Plaintiff's head and shoulders against a blank background.

The Court finds that disclosure of these portions of documents and audio recordings would promote the truth-finding process because they contain details of the parties' actions and statements recorded close to the time that the relevant events occurred. *See Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006). The Court finds that the disadvantages and risks identified in Defendant Dowling's objections do not outweigh the benefits that disclosure of these documents, or portions of documents, and recordings would have to this case. *Sanchez,* 936 F.2d at 1033-34.

However, the Court sustains Defendant's objection to production of (1) the institution's analyses and opinions, hiring review, and closing documents, and (2) CDCR personnel

information such as badge numbers, personnel (PERNR) numbers, work email addresses and phone numbers for Santiago and other CDCR staff members. The analyses and opinions, hiring review, closing documents, and personnel information are not directly relevant to the case because they are not direct evidence of what took place, and disclosure could risk the safety and security concerns identified in Defendant Dowling's objections.

After weighing the potential benefits and disadvantages of disclosure, the Court finds that the risks outweigh the benefits for producing the institution's analyses, opinions, and CDCR personnel and contact information contained in the AIU Investigation. These documents, or portions of documents should not be produced under the official information privilege because the potential disadvantages of disclosure outweigh the relevance of the documents to the litigation.

Next, the Court turns to Plaintiff's Motion for the Court to Consider Discovery Scheduling Order in its Decision to Grant in Part or Deny in Part Non-Privileged Qualifying Personnel Files (ECF No. 39) and Motion for Permission to File Sur-Reply (ECF No. 43). In his motion for sur-reply (*id.*), Plaintiff states that his Motion for the Court to Consider its Discovery Scheduling Order (ECF No. 39) was not a motion to compel. (ECF No. 39 at 1, 4 ("Plaintiff has not yet drafted nor filed 'no' motion to compel." and "I oppose the D.A.G. …position that I've filed a proper and appropriately due motion to compel. This is not true.")) Rather, Plaintiff states in his motion for leave to file a sur-reply that he is only seeking an order from the Court overruling the official information privilege asserted by Defendant Dowling because Plaintiff believes the documents are relevant to his case. (ECF No. 43 at 3 ("Due to its importan[ce] in defending my case…I ask this Court to just consider den[y]ing Dawling's privilege log[]s in its entirety.")).

As described above, the Court finds that Defendant's objections to certain portions of documents should be overruled. Accordingly, the Court DENIES as moot Plaintiff's Motion for the Court to Consider Discovery Scheduling Order in its Decision to Grant in Part or Deny in Part Non-Privileged Qualifying Personnel Files (ECF No. 39).

Additionally, the Court does not need additional briefing on the issues and DENIES Plaintiff's Motion for Permission to File Sur-Reply (ECF No. 43).

## IV. CONCLUSION

For the foregoing reasons, Defendant Dowling's objections to production of documents and recordings (ECF No. 38) are overruled in part.

1. No later than 30 days from the date of this order, Defendant shall provide the following portion of documents[3] to Plaintiff:[4]
    - AGO 0021: Photograph of Plaintiff;
    - AGO 0007-10: Photographs taken from video footage of the incident;[5]
    - AGO 0010-12: Witness interview summary with Plaintiff
    - AGO 0012-13: Witness interview summary with Correctional Officer Valdez
    - AGO 0013-14: Witness interview summary for Defendant Dowling
    - AGO 0102-103: Plaintiff's grievance
    - AGO 0105: Medical record for Plaintiff
    - AGO 0109: Photograph of Plaintiff
    - AGO 0110: DPP Disability / Accommodation Summary for Plaintiff
    - Audio-Recorded Interview of Defendant Dowling; and
    - Audio-Recorded Interview of Correctional Officer Valdez.
2. Additionally, Defendant shall file a notice of compliance with the Court concurrently with production to Plaintiff.
3. Plaintiff's Motion for the Court to Consider Discovery Scheduling Order in its Decision to Grant in Part or Deny in Part Non-Privileged Qualifying Personnel Files is DENIED as moot. (ECF No. 39).

\\\

[3] Only the portions of the documents described above, containing direct evidence and summary of witness accounts of the incident, shall be produced. Defendant may redact the institution's description of the process, analysis, conclusions of investigating staff, as well as personnel information such as badge numbers, personnel (PERNR) numbers, and work email addresses and phone numbers for Santiago and other CDCR staff members.

[4] To the extent Plaintiff is unable to obtain and review audio files for safety and security reasons in custody, Defendant shall make available these recordings for Plaintiff's review within the next 60 days and facilitate the filing of such evidence with the Court if requested by Plaintiff in connection with future proceedings.

[5] The photographs only, and any circles or markings on the photos, must be produced. Captions or other text on the page may be redacted.

4. Plaintiff's Motion for Permission to File Sur-Reply is DENIED. (ECF No. 43).
5. The Clerk of Court is directed to revise the docket as to the spelling of Defendant Dowling's last name from "Dawling" to "Dowling."

IT IS SO ORDERED.

Dated: **October 13, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE